**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
───────────────────────────────────────────────

**JOHN DOE I,** *et al.*

                                             **Plaintiffs,**

-against-                                                                              **05-CV-740**

**RICHARD A. BUCCI,** *et al.*

                                             **Defendants.**
───────────────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION AND ORDER**

On June 14, 2005, this Court issued an Order to Show Cause, see dkt. #5, upon Plaintiffs' application for same dated June 13, 2005. See dkt #3-#4. Plaintiffs' counsel now submits a letter and a declaration that could loosely be described as a motion for reconsideration, dkt. #8. In this regard, counsel requests that Court revisit the original request for a temporary restraining order because, counsel asserts, the prior order was based upon a "miscommunication." The purported miscommunication is apparently twofold.

The first "miscommunication" is that the Court did not know that Plaintiffs' counsel had contacted defendants' attorneys before the application for the Order to Show Cause and advised them of their action. This is deemed a "miscommunication" (and a misunderstanding on the Court's part) despite counsel's failure to either (a) advise the Court in writing that he had complied with

1

Local Rule 7.1(e) and Federal Rule of Civil Procedure 65(b)(1) & (2), or (b) explain why he had not done so. Given the requirements of the Federal Rules of Civil Procedure and the Local Rules, counsel's failure of compliance does not warrant reconsideration.

The second "miscommunication" is more substantive and the reason for the instant written decision. Nowhere in the moving papers did Plaintiffs request a temporary restraining order prohibiting the enforcement of Binghamton City Ordinance 05-26 pending a decision on the application for a similar preliminary injunction. See e.g. Pl. Proposed "Order to Show Cause and Temporary Restraining Order" (lacking any proposed order enjoining enforcement of Binghamton City Ordinance 05-26); Pl. Mem. L. (lacking any mention of a TRO (except in the title), lacking any mention of the TRO standard, lacking any analysis of the TRO standard to the instant case, and lacking any specific request for temporary relief); Murphy Decl. (lacking any discussion of, or request for, a TRO). The only request for immediate temporary affirmative relief *of any sort* in the moving papers was directed to enjoining defendants from revealing Plaintiffs' identities. See Pl. Proposed OSC & TRO (3rd decretal paragraph); Pl. Mem. L. p. 2.

Now, however, Plaintiffs imply that the affirmative temporary relief they seek is an immediate injunction prohibiting enforcement of Binghamton City Ordinance 05-26. See Lupia Decl. ¶ 10. The apparent "miscommunication" is that the Court did not read counsel's mind and determine for itself what Plaintiffs were really seeking. This does not constitute a valid basis for reconsideration of the Court's prior order. But, that is immaterial because the Court previously granted Plaintiffs' "leave to renew upon proper papers."

Should Plaintiffs avail themselves of this leave and formally seek a TRO preventing enforcement of Binghamton City Ordinance 05-26, they would be well advised to review (and

address) the standard for granting a TRO, and cases that have addressed constitutional challenges to similar statutes. See e.g. Doe I v. Miller, 405 F.3d 700 (8th Cir. 2005); Doe v. Petro, 2005 WL 1038846 (S.D. Ohio May 3, 2005).

     Further, inasmuch as Plaintiffs may seek a TRO prohibiting enforcement of Binghamton City Ordinance 05-26, the question presented by the Court of whether the Court should, or must, abstain under Younger v. Harris, 401 U.S. 37 (1971), becomes a matter of threshold significance. This is because a federal court must refrain from hearing a federal constitutional claim when (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for federal judicial review of his federal constitutional claims. Spargo v. N.Y. Comm'n on Judicial Conduct, 351 F.3d 65, 75 (2d Cir. 2003). Plaintiffs' filings indicate that Plaintiffs were personally served by a uniformed Police Officer of a "Notice of Violation" of Binghamton City Ordinance 05-26. A question exists whether the service of this Notice of Violation on plaintiffs constituted the commencement of state proceedings against them under Younger. Further, even assuming that the Notice of Violation does not constitute the commencement of a state proceeding, a criminal proceeding might still be commenced that could, in turn, invoke Younger. See Hicks v. Miranda, 422 U.S. 332, 349 (1975)("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of Younger v. Harris should apply in full force."); see also Notice of Violation (indicated that the Binghamton Police would re-inspect each Plaintiff's premises on June 14, 2005 to determine compliance with Binghamton City Ordinance 05-26 and, if a plaintiff was found to be noncompliant, a summons and/or appearance ticket would be issued). Any future

application for a TRO should address whether the Court must abstain under <u>Younger</u>.

For the reasons set forth above, Plaintiffs' motion for reconsideration, dkt. # 8, is denied.

**IT IS SO ORDERED**

DATED:   June 15, 2005

Thomas J. McAvoy
Senior, U.S. District Judge