**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JOHN DOE I,** *et al.*

                         **Plaintiffs,**

**-against-**                                     **05-CV-740**

**RICHARD A. BUCCI,** *et al.*

                         **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**ORDER**

**I. INTRODUCTION**

    Plaintiffs have moved by way of Order to Show Cause for a preliminary injunction seeking to enjoin enforcement of Binghamton Permanent Ordinance 05-26. The matter was set down for a hearing on July 13, 2005. The New York Civil Liberties Union requested, and the Court granted, permission to file an *amicus curiae* brief in this matter. This brief was received by the Court yesterday and raises important questions that were not addressed by the parties, as will be discussed more fully below.

**II. DISCUSSION**

    **A. State Pre-Emption and Pullman Abstention**

    In the amicus brief, the New York Civil Liberties Union

1

argues, *inter alia*, that "Binghamton Ordinance 05-26 is entirely inconsistent with the State statutory regime and cannot survive scrutiny under New York's pre-emption doctrine."  The pre-emption argument requires the Court to address and adjudicate unsettled questions of state law that affect important matters of state public policy. None of the parties have addressed the pre-emption argument either in support of, or in opposition to, the sought-after preliminary injunction,[1] but it potentially obviates the need to pass on the constitutionality of Ordinance 05-26.

   The federal courts "must abstain from our equity jurisdiction when a federal constitutional ruling could be avoided 'by a controlling decision of a state court,' and a state court decision can be pursued consistent 'with full protection of the constitutional claim.'" Nicholson v. Scoppetta, 344 F. 3d 154, 167 (2d Cir. 2003)(quoting Railroad Commission of Texas v. Pullman Co., 312 U.S. 496, 500-01 (1941).  Because a federal court has "a duty to avoid passing on the constitutionality of a statute where possible, especially when [] dealing with state rather than federal law," Scoppetta, 344 F. 3d at 167 (citing Crowell v. Benson, 285 U.S. 22, 62 (1932), Arizonans for Official English v. Arizona, 520 U.S. 43, 75 (1997)), and because the City Defendants have voluntarily refrained from enforcing Binghamton Permanent Ordinance

---

[1] Plaintiffs raise the issue or pre-emption in their Complaint, but do not address it in their papers in support of the preliminary injunction.

05-26 "pending a decision from this Court on the preliminary injunction application," City Def. Mem. L. p. 3, the most appropriate course of action is to adjourn the July 13, 2005 hearing to allow the parties to submit further briefing on the issues raised by the New York Civil Liberties Union. Inasmuch as the amicus brief raises arguments in support of Plaintiffs' case that were not addressed before Defendants filed their papers, issues of fundamental fairness dictate that Defendants be afforded the opportunity to respond. Inasmuch as no "proceedings of substance on the merits" have taken place in this matter, the adjournment will not prejudice defendants' positions, including their <u>Younger</u> abstention argument. <u>See</u> <u>Hicks v. Miranda</u>, 422 U.S. 332, 349-350 (1975)("[W]e now hold that where state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles of <u>Younger v. Harris</u> should apply in full force."); Wright & Miller, 17A FED. PRAC. & PROC. JURIS.2d § 4253.[2]

### III. CONCLUSION

Therefore, it is hereby

---

[2] As stated in Wright & Miller's treatise:

Both in <u>Hicks</u> and the case that immediately followed it, the federal court had denied a temporary restraining order before the state proceeding was commenced. Apparently the Supreme Court did not consider this to be "proceedings of substance on the merits," and this can hardly have been inadvertent since the <u>Hicks</u> dissent addressed that point.

**ORDERED** that the Plaintiffs' motion for a preliminary injunction is **adjourned** to the Court's September 23, 2005 motion calendar in Binghamton, New York (10:00 a.m.).  If any party intends to offer evidence in support of, or in opposition to, the Preliminary Injunction, that party shall advise the Court in writing of that intention no later than September 2, 2005 at which time the Court will consider re-scheduling the preliminary injunction hearing. In such event, and in order to schedule the appropriate amount of time for the parties to be heard and present evidence, the party shall advise the Court as to the nature and extent of the evidence that it intends to present; and it is further

**ORDERED** that the Defendants shall submit, by August 5, 2005, supplemental briefs, not to be longer than 25 pages, addressing the issues raised in the amicus brief including, but not limited to, the questions of pre-emption and <u>Pullman</u> abstention. Plaintiffs and the New York Civil Liberties Union shall submit, by September 2, 2005, reply briefs, not to be longer than 10 pages, responding to Defendants' briefs.

**IT IS SO ORDERED**

DATED:    July 12, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

4